# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DISTRICT

| | |
|---|---|
| KYLE DOMINIC STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.   1:24-cv-0121-MTS |
| | ) |
| ROY HINMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Compel Initial Disclosures. Doc. [48]. In the Motion, Defendants detail that, though Plaintiff has served his own discovery requests upon Defendants, he still has failed to provide Defendants with his initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). Plaintiff's deadline to provide his initial disclosures to Defendants passed more than four months ago. Doc. [45] ¶ 3. In the materials that Defendants submitted with their Motion, Plaintiff partially blamed his failure to provide his initial disclosures on his time in administrative segregation. But Defendants provide an affidavit from Plaintiff's case manager that establishes that Plaintiff was released from administrative segregation over one month ago. What is more, Plaintiff's case manager declares that Plaintiff remained able to write, send, and receive letters, purchase stamps, and access materials in the law library. And, again, Plaintiff somehow managed to send discovery requests to Defendants. Were all that not enough, Plaintiff did not even file a response to Defendants' instant Motion,

and his time to do so has passed. *See* E.D. Mo. L.R. 4.01(B); Fed. R. Civ. P. 6(d).

Providing the required initial disclosures is a fundamental obligation in litigating in federal court. A party that fails to do so "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005). For this reason, no justification short of the momentous could excuse a plaintiff's failure to provide initial disclosures even one month late, let alone four months. If Plaintiff has such a remarkable excuse, he has declined to share it with the Court. Based on Defendants' filings, including the sworn declaration they included, Plaintiff plainly had the opportunity to provide his initial disclosures—or at least tell the Court why he did not do so. "The Court has no doubt that litigating an action while incarcerated is more difficult than litigating one while at liberty," but Plaintiff's "status as a self-represented litigant or as an incarcerated individual does not relieve him from the requirement to follow the Federal Rules of Civil Procedure or this Court's Local Rules." *Jeude v. City of St. Louis*, 4:22-cv-0989-MTS, 2023 WL 5507329, at *1 (E.D. Mo. Aug. 25, 2023). The Court concludes that dismissal is warranted here. *See* Fed. R. Civ. P. 16(f)(1)(C); *id.* at 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 41(b).

Though the Court believes that it could dismiss this matter <u>with</u> prejudice, *see Lephart v. Franklin Cnty. Sheriff's Dep't*, 14 F.3d 601 (6th Cir. 1993) (table decision) ("Where a party willfully fails to comply with discovery, dismissal with prejudice is proper." (citing *Adams v. J.W. Jones Const. Co.*, 703 F.2d 483, 485 (10th Cir. 1983))), such a dismissal, the U.S. Court of Appeals for the Eighth Circuit has said, is a "drastic

and extremely harsh sanction," *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013).  With that in mind, the Court chooses to use the "lesser sanction" of dismissal <u>without</u> prejudice here.  *See Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam).  Dismissing this action without prejudice will allow Plaintiff to thoughtfully consider whether he is prepared to prosecute an action against these Defendants and, if so, allow Plaintiff to file this action again if he determines that he is prepared.  *See Tolden v. City's Finest, LLC*, 4:23-cv-1535-MTS, 2025 WL 252466, at *2 (E.D. Mo. Jan. 21, 2025).

Accordingly,

The Court will enter herewith an Order of Dismissal, which will dismiss this action without prejudice.  *See* Fed. R. Civ. P. 58(a).

So **ORDERED** this 27th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE